UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JEFFREY T. BANAS,

        Plaintiff,                                 Case No. 1:05-CV-751

v.                                                  HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on December 19, 2006. In his report and recommendation, the magistrate judge concluded that the Administrative Law Judge's (ALJ) determination that Plaintiff was not disabled because Plaintiff could perform a significant range of light work was supported by substantial evidence. In particular, the magistrate judge determined that substantial evidence supported the limitations set forth in the ALJ's hypothetical questions to the vocational expert, and that the hypothetical questions accurately portrayed Plaintiff's physical and mental impairments.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Plaintiff's objections regard alleged discrepancies between hypotheticals posed by the ALJ to the vocational expert at the hearing and the ALJ's conclusions regarding Plaintiff's residual functional capacity. Plaintiff first objects regarding the ALJ's finding that Plaintiff was "moderately" restricted in his activities of social functioning, but that this factor was not included

in the ALJ's decision.  The ALJ remarked in the Psychiatric Review Technique Form (PRTF) that "claimant has moderate restriction of his activities of his daily living, social functioning, and in concentration, persistence or pace." (Administrative Record ("AR") 27.)  The ALJ did not incorporate these identical restrictions into her hypothetical question to the vocational expert.  An ALJ is not required to incorporate PRTF findings into hypothetical questions posed to the vocational expert. *Furst v. Comm'r of Soc. Sec.*, No. 99-3581, 2000 WL 282909 at *2 (6th Cir. Mar. 13, 2000).  As noted by the magistrate judge, the ALJ adequately accounted for Plaintiff's mental deficiencies in her hypothetical question to the vocational expert, supporting the ALJ's finding that Plaintiff was "moderately limited in his ability to maintain attention and concentration for extended periods" and capable of performing a significant range of light work. (AR 29-30.)  Therefore, contrary to Plaintiff's contention, remand is not mandated in this case, because the ALJ was not required to incorporate the PRTF findings, which were included in the ALJ's decision, into the question posed to the vocational expert.

Plaintiff next argues that the discrepancy between the ALJ's hypothetical question to the vocational expert regarding jobs that allow for "decreased concentration" and the ALJ's residual functional capacity conclusion that Plaintiff is "'moderately' limited in his ability to maintain attention and concentration" requires a remand for a re-phrasing of the hypothetical question to a vocational expert.  However, the Court is not persuaded that the difference between these phrases requires a remand for further consideration.  The vocational expert identified jobs for an individual with "decreased concentration" based on the ALJ's hypothetical question.  The Court agrees with the magistrate judge's conclusion that the hypothetical question posed to the vocational expert adequately portrayed Plaintiff's mental impairments.

Finally, Plaintiff objects to the ALJ's decision regarding Plaintiff's carpal tunnel syndrome. The ALJ's hypothetical question to the vocational expert included the phrase "occasional handling or fingering with the right hand," while the ALJ's decision noted Plaintiff's ability to perform "occasional fingering" without any mention of which hand had limited function. Plaintiff argues that this merits a remand because the vocational expert's answer to the hypothetical was based on Plaintiff's ability to occasionally use his right hand, while the ALJ's decision did not specifically limit the restriction to one hand.

As noted by the magistrate judge, the ALJ relied on a functional evaluation report which described Plaintiff's left hand limitations, including his below average left hand grip and pinch and ability to carry up to 5 pounds, and Plaintiff's ability to carry up to 35 pounds with his right hand. Although the ALJ's final report did not specify that Plaintiff could perform occasional fingering only with his right hand, the Court is satisfied that, based on the ALJ's reliance on the functional evaluation report which discusses Plaintiff's left hand limitations, the ALJ's hypothetical question to the vocational expert, and the vocational expert's answer, the ALJ's decision is supported by substantial evidence. Remand for the purpose of posing additional hypothetical questions to a vocational expert is not required. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 19, 2006 (docket no. 13), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.


Dated:  May 22, 2007                             /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE